IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANKIE L. RODGERS,

        Petitioner,                  No. CIV S-08-0722 WBS DAD P

   vs.

BEN CURRY, et al.,

        Respondents.         FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. Before the court is petitioner's motion for a stay and abeyance.[1]

        In his motion, petitioner does not seek to return to state court to exhaust a new, unexhausted claim. Instead, petitioner seeks a stay and abeyance, in his words, "so Petitioner may resubmitt [sic] his Habeas Corpus for reconsideration to the State Courts, do [sic] to a recent dicision [sic] by the Californis [sic] Supreme Court in People v. French," [43 Cal. 4th 36 (2008)]. In French, the California Supreme Court held that although the defendant entered into a plea

---

[1] On April 23, 2008, the court ordered petitioner to file an in forma pauperis application or to pay the filing fee in connection with this action. Petitioner subsequently submitted the filing fee to the court. The pending motion was filed before the court issued any order directing respondents to respond to the habeas petition.

1  agreement providing for a sentence not to exceed the upper term as a stipulated maximum
2  sentence and further stipulating to a factual basis for that plea, he did not expressly waive his
3  right to a jury trial on aggravating circumstances nor did he admit facts establishing the
4  aggravating circumstance.  <u>French</u>, 43 Cal. 4th at 41.  Accordingly, the California Supreme Court
5  concluded in that case that the imposition of the upper term sentence violated the defendant's
6  Sixth Amendment right to a jury trial on the aggravating circumstance.  <u>Id.</u>

7         In the federal habeas petition pending before this court petitioner's sole ground for
8  relief is that the aggravated sentence he received in state court after entering his guilty plea,
9  violated his right to trial on the aggravating circumstance as guaranteed by the Sixth and
10 Fourteenth Amendments.  Essentially, it appears that petitioner wishes to return to the California
11 Supreme Court because he believes that now that it has decided the issue favorably to his
12 position in its recent decision in <u>French</u>, the state court may reconsider his case.

13        The United States Supreme Court has affirmed the district court's discretion to
14 stay a federal habeas proceeding to allow the petitioner to present unexhausted claims to the state
15 court where there is good cause for the petitioner's failure to exhaust all claims in state court
16 before filing a federal habeas petition.  <u>Rhines v. Weber</u>, 544 U.S. 269, 277 (2005); <u>see</u> <u>also</u>
17 <u>Anthony v. Cambra</u>, 236 F.3d 568, 575 (9th Cir. 2000) (authorizing district courts to stay fully
18 exhausted federal petitions pending exhaustion of other claims); <u>Calderon v. United States Dist.</u>
19 <u>Court (Taylor)</u>, 134 F.3d 981, 987-88 (9th Cir. 1998) (recognizing the district court's authority to
20 allow a petitioner to amend a mixed petition to delete unexhausted claims and hold the fully
21 exhausted petition in abeyance).  The Supreme Court cautioned, however, that "stay and
22 abeyance should be available only in limited circumstances" and that a stay "is only appropriate
23 when the district court determines there is good cause for the petitioner's failure to exhaust his
24 claims first in state court."  544 U.S. at 277.  Even if a petitioner shows good cause, the district
25 court should not grant a stay if the claims are plainly meritless.  <u>Id.</u>  Finally, federal proceedings
26 /////

1  may not be stayed indefinitely, and reasonable time limits must be imposed on a petitioner's

2  return to state court to exhaust additional claims.  Id. at 277-78.

3          As noted, petitioner does not seek a stay and abeyance in order to return to state

4  court to exhaust unexhausted claims but rather in the hope that, in light of its recent decision in

5  French, the California Supreme Court might reconsider his claim.  The undersigned notes,

6  however, that petitioner has alleged that he exhausted the claim he has presented in his federal

7  habeas petition before this court by presenting it to the California Supreme Court, where he was

8  denied relief.  It is clear that re-exhaustion based upon a change in state decisional law is not

9  required under these circumstances.  In this regard, the Ninth Circuit has explained in a similar

10  case as follows:

> In Roberts v. LaVallee, 389 U.S. 40 [] (1967), the Supreme Court addressed a similar exhaustion argument.  An indigent defendant was not provided with his preliminary hearing transcript because he could not pay the required fee, and the state affirmed his conviction.  After the defendant filed a habeas corpus petition in federal court, the state court of last resort ruled that the statute requiring a fee was unconstitutional as applied to indigents.  The Second Circuit dismissed the petition, holding that the defendant must return to the state court to take advantage of the changed state law.  The Supreme Court vacated and remanded, holding that the petitioner had thoroughly exhausted his remedies.  Id. at 42-43 [].
>
> In Francisco v. Gathright, 419 U.S. 59 [] (1974), the Supreme Court again addressed this re-exhaustion argument.  The only difference between Francisco and Roberts was that in Roberts the change in state law occurred before the petitioner filed a federal habeas corpus petition, as is true of the instant case.  In Francisco the change occurred after the petition was filed.  The Court in Francisco again held that the petitioner had exhausted his state remedies in his initial appeal, and therefore that federal relief was available.[] Id. at 63 [].  See Galtieri v. Wainwright, 582 F.2d 348, 355 (5th Cir. 1978) (en banc); Hayward v. Stone, 496 F.2d 844, 845 (9th Cir. 1974).  In light of the holdings of Roberts and Francisco, Briggs does not have to return to the Arizona court system for relief; he has adequately exhausted his state remedies.

Briggs v. Raines, 652 F.2d 862, 864 -865 (9th Cir. 1981).  See also Duckworth v. Serrano, 454 U.S. 1, 4 n.1 (1981) ("The habeas petitioner in Roberts thoroughly exhausted his state remedies

/////

3

and we held . . . that "Congress had not intended 'to require repetitious applications to state courts.'")

Because under these circumstances petitioner is not required to re-exhaust his allegedly exhausted claim, his motion for stay and abeyance to do so should be denied.[2]

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's May 7, 2008 motion for a stay and abeyance (Doc. No. 4) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 3, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
rog0722.styabey

---

[2] Petitioner is advised that nothing precludes him from proceeding with a state court petition seeking reconsideration while he continues with this federal habeas action.  Should petitioner obtain state court relief, he should of course advise this court and may request that this action be voluntarily dismissed.