1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   FRANKIE L. ROGERS,

11              Petitioner,                    No. 2:08-cv-0722 WBS KJN P

12        vs.

13   BEN CURRY, et al.,

14              Respondents.              ORDER AND

15                                        FINDINGS AND RECOMMENDATIONS

16   _____/

17              Petitioner is a state prisoner proceeding without counsel on an application for a

18   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges his 2006 conviction,

19   entered pursuant to a plea of no contest, on charges of gross vehicular manslaughter while

20   intoxicated, and admitted a great bodily injury enhancement, and a prior prison term

21   enhancement.  Petitioner was sentenced to a determinate state prison term of 12 years.  This

22   matter is before the court on respondents' motion to dismiss this action as barred by the statute of

23   limitations.

24              On April 24, 1996, Congress enacted the Antiterrorism and Effective Death

25   Penalty Act of 1996 ("AEDPA").  Section 2244(d)(1) of Title 28 of the United States Code

26   provides:

                                              1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  On January 18, 2006, petitioner was convicted pursuant to a no contest plea and sentenced to twelve years in prison.  Lodged Doc. 1.  Petitioner did not appeal his sentence.

2.  On March 11, 2007, petitioner signed and dated a petition for writ of habeas corpus in the Sacramento County Superior Court.  Lodged Doc. 2.  The petition was denied on May 1, 2007.  Lodged Doc. 3.

3.  On May 16, 2007, petitioner signed and dated a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District.  Lodged Doc. 4.  The petition was denied on May 24, 2007.  Lodged Doc 5.

4.  On August 28, 2007, petitioner signed and dated a petition for writ of habeas

1  corpus in the California Supreme Court.  Lodged Doc. 6.  The petitioner was denied on March

2  12, 2008.  Lodged Doc 7.

3           5. On March 29, 2008, petitioner filed the instant petition.

4           Petitioner's conviction became final on March 19, 2006, when the sixty-day

5  period for filing a direct appeal expired.  See Cal. Rules of Court 8.308 (formerly Rule 30.1).

6  The AEDPA statute of limitations period began to run the following day, on March 20, 2006.

7  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

8           Petitioner seeks tolling for the entire period his petitions were pending in state

9  court.  Respondents, however, contend that the delay between the filing of petitioner's second

10 and third petitions was unreasonable under Evans v. Chavis, 546 U.S. 189, 200 (2006) (six

11 month delay before filing in California Supreme Court was unreasonable).

12          The statute of limitations started to run on petitioner's federal habeas corpus

13 claims on March 19, 2006.[1]  Three hundred fifty-six days of the limitation period expired before

14 petitioner filed his first state court petition on March 11, 2007.[2]  At that point, nine days

15 remained in the limitation period.  Respondents agree that petitioner is entitled to statutory

16 tolling during the pendency of his first two state court petitions.  Respondents contend, however,

17 that petitioner is not entitled to statutory tolling between May 24, 2007, when the state court

18 denied the second petition for writ of habeas corpus, and August 28, 2007, when petitioner filed

19 his state appellate court petition.  Specifically, relying on Carey v. Saffold, 536 U.S. 214 (2002)

20 and Evans v. Chavis, 546 U.S. 189 (2006), respondents argue that the delay between the denial of

21 the second petition and the filing of the third petition is "unreasonable."

22

23     [1] Sixty days from January 18, 2006 was calculated as January 19 - 31 (13 days) + 28 days
   in February + 19 days in March = March 19, 2006.

24

25     [2] Respondents concede that the dates on which petitioner signed and dated each of the
   petitions is the date on which the documents were delivered to prison officials for mailing to the
   respective courts.  Accordingly, the court treats those dates as the filing dates for each petition.

26 See Houston v. Lack, 487 U.S. 266 (1988).

Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  The one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id. § 2244(d)(1)(A).  However, § 2244(d)(2) provides an exception to such requirement for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."

The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law."  Chavis, 546 U.S. at 191, 126 S.Ct. 846 (citing Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260) (emphasis omitted).  Thus, the interval between the final adjudication of a state habeas petition and the timely filing of a notice of appeal is tolled in calculating whether a federal habeas petition is timely.  See Saffold, 536 U.S. at 219-21, 122 S.Ct. 2134.

"In most States a statute sets out the number of days for filing a timely notice of appeal," but California "has a special system governing appeals when prisoners seek relief on collateral review," under which a petitioner may file either a "petition for rehearing" or a separate state habeas petition, the latter of which must be filed within a "reasonable time."  Id. (citing In re Harris, 5 Cal.4th 813, 828, n. 7, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993)); see In re Crockett, 159 Cal.App.4th 751, 757, 71 Cal.Rptr.3d 632 (Cal.Ct.App.2008) ("A petitioner seeking relief on habeas corpus need only file a petition without substantial delay, or if delayed, adequately explain the delay.").

Chaffer v. Prosper, 542 F.3d 662, 665-66 (9th Cir. 2008).[3]  In Chavis, the United States Supreme Court noted that

[s]ix months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court.  Saffold, supra, at 219, 122 S.Ct. 2134.  It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal.App.Ct. Rule 28(e)(1) (2004).  We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month

---

[3]  In Chaffer, the United States Court of Appeals certified to the California Supreme Court two questions concerning a habeas petitioner's delay in proceeding between levels of the state court system.  Id. at 663.

1            filing delay "reasonable."  Nor do we see how an unexplained
delay of this magnitude could fall within the scope of the federal
2            statutory word "pending" as interpreted in <u>Saffold</u>.  <u>See</u> 536 U.S.,
at 222-223, 122 S.Ct. 2134.
3

4  <u>Chavis</u>, 549 U.S. at 201.

5            In the instant case, petitioner's delay in proceeding from the state appellate court

6  to the California Supreme Court was 95 days[4] – five days over three months.  Petitioner contends

7  that prison lockdowns for about eight or nine months in 2007 served as an impediment to his

8  timely filing.  (Opp'n. at 2; Decl. at 1.)  Petitioner relies on <u>Roy v. Lampert</u>, 465 F.3d 964, 965

9  (9th Cir. 2006) (remanded for evidentiary hearing where prisoners alleged prison law library had

10  no AEDPA material).

11           First, petitioner has not made an adequate showing that the claimed lockdowns

12  posed an impediment to his filing of a timely federal habeas petition.[5]  Section 2244(d)(1)(B)

13  does not define "impediment" as it is used in that statute.  <u>See</u> <u>Wood v. Spencer</u>, 487 F.3d 1, 6

14  (1st Cir. 2007); <u>Lloyd v. Vannatta</u>, 296 F.3d 630, 633 (7th Cir. 2002).  However, courts have

15  held that an impediment must "prevent" the petitioner from timely filing his federal habeas

16  petition and the impediment must be beyond the petitioner's control.  <u>See</u> <u>Wood</u>, 487 F.3d at 7

17  (concluding that where a petitioner had "the power to blunt the effect of any state-created

18  impediment" with "garden-variety diligence" tolling under § 2244(d)(1)(B) is not appropriate);

19  <u>see also</u> <u>Lloyd</u>, 296 F.3d at 633 (concluding that the state's failure to provide petitioner with a

20  complete transcript of his trial did not prevent him from filing his federal petition because the

21  transcript was not needed to raise the claim in his federal petition ).  Under some circumstances,

22

23         [4] Respondents claim petitioner delayed 97 days.  The calculation of this time frame starts on May 25, 2007, the day after the second petition was denied.  Fed. R. Civ. P. 6.  Because

24  petitioner filed his petition on August 28, 2007, the period for August is 27 days.  Thus, the 95 day figure was derived as follows:  7 days in May, 30 days in June, 31 days in July and 27 days in August.

25

26         [5] It appears petitioner is arguing that the lockdowns impeded his filing of habeas petitions in state court rather than in filing his application in federal court.

1   however, the absence from a prison law library of basic and essential legal materials such as the

2   AEDPA itself may constitute an impediment within the meaning of the statute.  Whalem/Hunt v.

3   Early, 233 F.3d 1146, 1148-49 (9th Cir. 2000).

4           Here, petitioner has not shown that the claimed state-created impediment was

5   unlawfully imposed upon him.  Prisoners do not enjoy a free-standing constitutional right to law

6   library access.  Lewis v. Casey, 518 U.S. 343, 351 (1996); Johnson v. Moore, 948 F.2d 517, 521

7   (9th Cir.1991) ("[T]he Constitution does not guarantee a prisoner unlimited access to a law

8   library.  Prison officials must regulate the time, manner, and place in which library facilities are

9   used.").  Law libraries are only the means for ensuring "a reasonably adequate opportunity to

10  present claimed violations of fundamental constitutional rights to the courts."  Bounds v. Smith,

11  430 U.S. 817, 825 (1977).  Thus,  in order to show that the claimed impediment was unlawfully

12  imposed upon him, petitioner must show that the inadequate access to the law library caused him

13  an actual injury.  Lewis, 518 U.S. at 351-52.  In other words, he must demonstrate that the lack of

14  access to the library actually prevented him from filing his federal habeas petition.

15          This court is not persuaded by petitioner's conclusory and unsupported assertions

16  that the limitations on his access to the prison law library over eight or nine months actually

17  prevented him from filing a timely federal habeas petition.  See Quintero v. Haws, No.

18  07-CV-0579-H (POR), 2008 WL 553651 at *4 (S.D.Cal. Feb.28, 2008) (rejecting claims that

19  prison policies, lockdowns and his job demands restricted his access to the law library and

20  prevented him from filing a timely habeas petition due to a lack of specificity); Harris v. Yates,

21  No. C 07-808 MHP (pr), 2008 WL 60406 at *2 (N.D.Cal. Jan.3, 2008) (rejecting argument that

22  limits on law library access for prisoners who do not have impending court deadlines is an

23  impediment within the meaning of § 2244(b)(1)(B) since the Constitution does not guarantee a

24  prisoner unlimited access to the law library).[6]

25

26          [6] But see Estrada v. Adams, No. CV F 06-1656 AWI SMS HC, 2008 WL 756353 at *5-6
    (E.D.Cal. March 20, 2008) (finding that prisoner carried his burden of demonstrating a

1     Petitioner has also not shown a "causal connection" between the alleged

2 unlawfully imposed impediment and his failure to file a timely petition.  Bryant v. Arizona Atty.

3 Gen., 499 F.3d 1056, 1060 (9th Cir. 2007) (rejecting argument that the prison library's failure to

4 provide case law interpreting § 2244(d)(1) was a state-created impediment because petitioner

5 admitted he was not even aware of the statute of limitations before receiving respondents' answer

6 to his federal petition).  Here, petitioner has failed to show any causal connection between the

7 prison lockdowns and his inability to file a timely federal habeas petition.  Moreover, he has not

8 demonstrated that he made any effort to "blunt the effect" of the limitations on his access to the

9 law library.  See Wood, 487 F.3d at 7.

10     Finally, even if the court were to deem the alleged 2007 lockdowns as impeding

11 petitioner's timely filing of his federal habeas petition, and grant petitioner continuous tolling for

12 the pendency of his state court petitions, the court finds that the petition would still be

13 time-barred.  Petitioner only had nine days remaining in the statute of limitations period when he

14 filed his first state court petition.  Even if the court were to grant petitioner continuous tolling for

15 the pendency of his state court petitions, through the California Supreme Court denial on March

16 12, 2008, petitioner did not file his federal petition until March 29, 2008, seventeen days later.

17 Thus, even with continuous tolling, the federal petition was filed eight days too late.

18 Respondents' motion to dismiss this action as barred by the statute of limitations should be

19 granted, absent equitable tolling.

20     The United States Supreme Court has held that, "a litigant seeking equitable

21 tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights

22 diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo,

23 544 U.S. 408, 418, 125 S.Ct. 1807 (2005); see also Lawrence v. Florida, 549 U.S. 327, 328, 127

24 _____

25 state-created impediment by his uncontroverted declaration that despite several requests and
inmate grievances seeking to obtain access to the closed prison law library he was unable to

26 obtain either a blank § 2254 form petition or the address of the district court thereby preventing
him from filing his federal petition until he was able to finally secure a blank form petition).

S.Ct. 1079 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)).  The Ninth Circuit has stated that "the purpose of equitable tolling 'is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008).  Nonetheless, equitable tolling of the AEDPA statute of limitations will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir.2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Moreover, a habeas petitioner seeking equitable tolling must show that the extraordinary circumstances alleged were the "but for" and proximate cause of the untimely filing of his federal petition. Bryant v. Ariz. Atty. Gen., 499 F.3d 1056, 1061 (9th Cir. 2007); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001).

Here, petitioner alleges lockdowns in 2007 prevented him from timely filing. Lockdowns, however, and resulting restricted access to the prison law library are not, by themselves, extraordinary circumstances for prisoners.  See e.g. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (lack of access to library material does not automatically qualify as grounds for equitable tolling); United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D. Cal. 1997) (absent evidence of petitioner's diligence, lockdowns at prison allegedly eliminating access to law library were not extraordinary circumstances warranting equitable tolling); Rosati v. Kernan, 417 F.Supp.2d 1128, 1132 (C.D. Cal. 2006) ("[P]etitioner's complaints about limited access to the law library and legal materials at various state prisons and occasional prison lockdowns do not warrant equitable tolling since petitioner has not shown any causal connection between these events and his failure to timely file his habeas corpus petition."); see also Corrigan v. Barbery, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances.").  Petitioner has failed to explain how any lockdowns constituted extraordinary circumstances that prevented him from timely filing his federal petition.

1    Finally, petitioner argues he is entitled to equitable tolling based on the collapse of

2  the library roof from mold and asbestos from April or May to September 2008, preventing any

3  inmates access to legal materials.  (Decl. at 1.)  However, the statute of limitations period expired

4  by early March, 2008, at the latest.  Thus, the roof collapse that took place after the limitations

5  period expired could not have prevented petitioner from timely filing the instant petition.

6    Petitioner has not satisfied his burden of establishing that he acted diligently in

7  filing his federal petition or that he encountered extraordinary circumstances that prevented him

8  from filing his federal petition in a timely fashion.  Thus, respondents' motion to dismiss should

9  be granted.

10    On June 2, 2009, petitioner also filed a motion for default judgment.  However, on

11  May 29, 2009, respondents filed a timely motion to dismiss.  Thus, petitioner's motion will be

12  denied.

13    Accordingly, IT IS HEREBY ORDERED that petitioner's June 2, 2009 motion

14  for default judgment is denied.

15    IT IS HEREBY RECOMMENDED that:

16    1.  Respondents' May 29, 2009 motion to dismiss be granted; and

17    2.  This action be dismissed as barred by the statute of limitations.

18    These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

20  one days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

23  objections shall be filed and served within fourteen days after service of the objections.  The

24  ////

25  ////

26  ////

9

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3   DATED:  February 22, 2010

4

5                                                    KENDALL J. NEWMAN

6                                                    UNITED STATES MAGISTRATE JUDGE

7

8   roge0722.mtd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26